29472. DIAL v. PEOPLES LOAN INCORPORATED.

DECIDED MARCH 7, 1942. REHEARING DENIED MARCH 27, 1942.

*James R. Venable, Frank A. Bowers, E. W. Fountain, Frank Grizzard,* for plaintiff in error.  *R. B. Pullen,* contra.

FELTON, J.  ■ The authority granted to the appellate division of the civil court of Fulton County by the act of 1925 (Ga. L. 1925, pp. 370, 382, § 41) to render final judgments on appeal of cases to it confers authority to render a final judgment which is demanded as a matter of law.⁻ The act does not purport to authorize the appellate division to act as a jury and decide disputed issues of fact which is the province of a jury or a judge trying the case without a jury.  The appellate division has no authority to enter a final judgment contrary to that of the trial court on a question of disputed facts.

■ The only evidence for the loan company was the note sued on and the testimony of Mrs. Jennye Lemon as follows:  that she is the assistant manager of the plaintiff and that on April 13, 1939, she received an application for a loan by Gus Gamadanis.; that she filled out a note, a copy of which is attached to the plaintiff's suit, by writing the figures $76 in the left-hand corner and the date in the right-hand corner, and filled in the blank seventy-five dollars on the form of note used by the plaintiff in its loan business; that the note was filled out completely in every detail, except the execution of same by applicant and other parties, when she delivered the same to the applicant, who, under the usual routine, took the note out of the plaintiff's office to obtain the signatures of three persons as sureties, together with the application, and returned same bearing the signatures of the applicant and other parties on said note; that no alterations or additions were made to the note after it was released by the plaintiff to the applicant, and same is exactly as it was when she released it except for the signatures of the parties defendants and fully executed when returned; that said blanks were filled in her own handwriting and had not in any way been

changed or altered; that the security for the loan was indorsements; that the plaintiff made the loan on the note and delivered to Gus Gamadanis the full amount less 8 per cent. discount; that she never saw Dial at any time prior to the trial.

A. D. Dial testified as follows: "I am one of the defendants in this case. I am employed in the shoe-repair department of Kline's Department Store, at the corner of Whitehall and Hunter Streets. Sometime about the latter part of March or the first of April, 1939, W. H. Lloyd and I were contemplating the purchase of certain shoe-repair equipment from a Mr. Sutton; this man told us he might sell it to us and he might not. He was to let us know in a few days if he would sell it to us. In the event he did sell it to us W. H. Lloyd and I needed $100 with which to make the purchase. W. H. Lloyd was to make the arrangements about borrowing the money. He worked at the same place I did. Somewhere around the first of April, the exact time and date I do not remember, he brought a blank note into the repair shop. I think it came from Peoples Loan Inc. He gave it to me and told me to indorse it and that if Mr. Sutton decided to let us have the equipment he, Lloyd, would sign the note and fill it out for $100 and get the money. I signed the note on the second line from the top, leaving the top one for W. H. Lloyd to sign. After I signed the note I pigeonholed it on a little table or counter there in the shop which we used for a desk to put our papers and things on there in the repair shop. Nobody had access to this desk except W. H. Lloyd and myself. I told W. H. Lloyd that I had signed the note and that if we purchased the equipment he could take it, fill in the amount of $100, date it, and get the money. I did not authorize him to get it for any other purpose except to get the money to buy the equipment. After that our deal fell through. We did not purchase the equipment, and not having purchased it we had no reason to borrow the money. I had forgotten about the blank note I had signed until this suit was brought against me. I am positive the note did not show the amount at the time I signed it. I knew Gus Gamadanis casually. I think he was a sort of friend of W. H. Lloyd. Occasionally he could come by the shop to see Lloyd. I did not give Gus Gamadanis the note and I did not authorize him to fill in the figure of $75 or any other amount, and I did not sign the note for the purpose of helping Gamadanis get a loan. I did not

authorize W. H. Lloyd to give the note to Gamadanis or any one else, and I did not know that Gamadanis had gotten the note off my desk and gotten W. H. Lloyd to sign it. I don't know W. A. Lloyd, who is also supposed to have signed the note. I have never seen him. I don't think he is any kin to W. H. Lloyd. I did not deliver this note to Gamadanis, W. H. Lloyd, W. A. Lloyd or any one else, nor did I authorize its delivery to them or any one else. I did not sign the note in the condition that it is sued upon, and the note is not my act and deed. W. H. Lloyd is not now connected with the shoe-repair department at Kline's. He was discharged. I have not seen either W. H. Lloyd or Gamadanis since I learned that this suit was brought against me. I did not deliver the note sued upon to Peoples Loan Inc., nor did I sign it to help Gamadanis secure a loan from them. The note was taken from my desk without my knowledge and without my consent."

This case is controlled by the principle enunciated in *Atlanta National Bank* v. *Bateman,* 21 *Ga. App.* 624 (94 S. E. 853). Elaborate discussion does not seem to be necessary. Suffice it to say that the evidence in this case authorized the following findings: (1) that there was no delivery of the note into the lawful possession of any person by A. D. Dial so as to give rise to the implied authority to fill in the blanks in the note; (2) that the note was feloniously taken from its depository in an incomplete form and thereafter materially altered; and (3) that the negligence of A. D. Dial in keeping the note in a place where it might possibly be stolen was not the proximate cause of the company's position in making the loan on the strength of the signature of A. D. Dial and the genuineness of the note, but that the negligence of the company in accepting the signatures and note as genuine upon the express or implied representations of Gus Gamadanis was the proximate cause. As to the different rules prevailing where *complete* and *incomplete* instruments are stolen from the possession of a party sought to be charged thereon see, in addition to the case cited, *Raleigh & Gaston R. Co.* v. *Lowe,* 101 *Ga.* 320, 330 (28 S. E. 867); *Hill* v. *O'Neill,* 101 *Ga.* 832 (28 S. E. 996); *Washington Loan & Banking Co.* v. *Holliday,* 26 *Ga. App.* 792 (107 S. E. 370); 8 Am. Jur. 331, 333, §§ 619, 620; 7 Am. Jur. 807, § 32; 7 Am. Jur. 822, 824, 826, §§ 65, 67, 70; 10 C. J. S. 1122, 1123, 1124, § 509.

The appellate division of the civil court erred in not affirming the judgment of the trial court, and the superior court erred in overruling the certiorari.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*